# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE VERA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-12457-FDS |
| JOSEPH MURPHY, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO STAY

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Petitioner Jose Vera was convicted in Worcester County Superior Court on charges of statutory rape of a child, indecent assault and battery on a child, open and gross lewdness, and dissemination of matter harmful to a minor. The petition raises two grounds for relief: (1) that the trial court erred in admitting prior bad acts over the objections of trial counsel and (2) that petitioner was denied the effective assistance of counsel at trial.

On March 24, 2017, respondent moved to dismiss the petition for failure to exhaust state remedies. It appears that petitioner failed to raise his ineffective assistance of counsel claim in his application for leave to obtain further appellate review with the Massachusetts Supreme Judicial Court.

On May 24, 2017, petitioner moved to stay resolution of his unexhausted ineffective-assistance claim pending the exhaustion of his state-court remedies. In the alternative, petitioner

moved to dismiss his ineffective-assistance claim and proceed on his sole exhausted claim.

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy,* 455 U.S. 509, 518 (1982). Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *see also Rose,* 455 U.S. at 514, 520–21; *Neverson v. Farquharson,* 366 F.3d 32, 43 (1st Cir. 2004). A court may exercise the option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines,* 544 U.S. at 277. Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id; *see also Clements,* 485 F.3d at 169. Neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context. *Sullivan v. Saba,* 840 F. Supp. 2d 429, 437 (D. Mass. 2012).

Petitioner has failed to provide good cause for the failure to exhaust his ineffective assistance claim. Therefore, the Court will deny his motion to the extent that he seeks to stay resolution of the claims pending exhaustion of his state-court remedies. Instead, the Court will grant his motion to dismiss the unexhausted claim and proceed on only the exhausted claim. Because respondent's motion to dismiss the petition is based only on petitioner's failure to exhaust all claims, that motion will be denied.

For the foregoing reasons, the motion to dismiss of respondent Murphy is DENIED. The motion of petitioner Vera to stay is GRANTED in part and DENIED in part. Petitioner's motion is denied to the extent that it seeks to stay resolution of his claims pending exhaustion of state-court remedies, and granted to the extent that it seeks to dismiss petitioner's unexhausted claim based on ineffective assistance of counsel.

**So Ordered.**

Dated: June 1, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge