# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JOSE VERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 16-12457-FDS |
| JOSEPH MURPHY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER OF DISMISSAL

**SAYLOR, J.**

      This is a *pro se* petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Petitioner Jose Vera was convicted in Worcester County Superior Court on charges of statutory rape of a child, indecent assault and battery on a child, open and gross lewdness, and dissemination of matter harmful to a minor. The petition raises two grounds for relief: (1) that the trial court erred in admitting evidence of prior bad acts over the objections of trial counsel and (2) that petitioner was denied the effective assistance of counsel at trial.

      On March 24, 2017, respondent moved to dismiss the petition for failure to exhaust state remedies. It appears that petitioner failed to raise his claim of ineffective assistance of counsel in his application for leave to obtain further appellate review with the Massachusetts Supreme Judicial Court.

      On May 24, 2017, petitioner moved to stay resolution of his unexhausted ineffective-assistance claim pending the exhaustion of his state-court remedies. In the alternative, petitioner moved to dismiss his ineffective-assistance claim and proceed on his sole exhausted claim.

On June 1, 2017, the Court denied petitioner's motion to stay, to the extent that it sought to stay resolution of his claims pending exhaustion of state-court remedies. Instead, the Court granted the motion to dismiss petitioner's unexhausted claim, based on ineffective assistance of counsel, and to proceed on only the exhausted claim, concerning the trial court's admission of evidence of prior bad acts over the objections of trial counsel. The Court also denied respondent's motion to dismiss, which was based only on the ground of failure to exhaust.

In April, July, and August of 2018, the Court granted petitioner's motions for extensions of time to file his memorandum in support of his petition for a writ of habeas corpus. Petitioner was ultimely given until October 31, 2018, to file his memorandum, which he failed to do. He has not demonstrated good cause for the failure, and none is apparent from the record.

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DISMISSED for failure to prosecute.

**So Ordered.**

Dated: November 5, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge